UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x     Civil Action No.
FREEPLAY MUSIC, LLC,

                                          Plaintiff,                           **COMPLAINT**
                                                                               **AND**
                                                                               **<u>JURY DEMAND</u>**
                    - against -

J&A USA, INC.

                                          Defendant.

--------------------------------------------------------------------------x

        Plaintiff Freeplay Music, LLC ("FPM"), through its undersigned attorneys Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, complains of defendant J&A USA, Inc., ("J&A") as follows:

## <u>NATURE OF THE ACTION</u>

        1.      By this complaint, FPM - a music publisher that has invested and risked money, time, and energy to develop its catalogue of copyrights-seeks redress for J&A's direct infringement of FPM's copyrighted works. J&A exploited, without authorization, twenty-six (26) of FPM's copyrighted sound recordings and compositions by unauthorized reproduction, synchronizing, distribution and public performance by means of digital transmission. J&A benefited from these unauthorized uses of FPM's copyrighted sound recordings and compositions in connection with the advertisement of J&A's products. Despite being on notice of its infringement, Defendant J&A has refused to remedy its wrongdoing, leaving FPM no alternative but to bring this action.

## <u>PARTIES</u>

        2.      FPM is a Delaware limited liability company, with a principle place of business in New York, New York.

3.     Upon information and belief, Defendant J&A is a New York corporation that specializes in manufacturing, distributing and selling spa equipment for salons.

4.     Upon information and belief, Defendant J&A is a corporation that maintains a principal place of business located at 335 Crooked Hill Road Brentwood, New York 11717.

## JURISDICTION AND VENUE

5.     FPM's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1338.

6.     The Court has personal jurisdiction over J&A pursuant to New York Civil Practice Law and Rules §§ 301, 302(1), (2) and (3) *et seq*. because: (i) upon information and belief, J&A maintains a principal place of business in New York; (ii) it derives substantial revenue from New York; (iii) it derives substantial revenue from interstate commerce; (iv) it conducts business over the internet and (v) has performed acts causing harm to FPM, including infringing copyrights belonging to FPM, a domiciliary of New York, which give rise to this action.

7.     Upon information and belief, Defendant J&A continuously and systematically transacted business within the State of New York by selling, distributing and/or servicing its goods therein.

8.     Upon information and belief, Defendant J&A has committed a tortious act of copyright infringement within the State of New York.

9.     Upon information and belief, Defendant J&A has committed a tortious act of copyright infringement without the State of New York causing injury to FPM, a resident and domiciliary of New York.

10.     Upon information and belief, Defendant J&A regularly does or solicits business, and engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed and services rendered, in the State of New York.

11.     Defendant J&A expects or should reasonably expect its acts of copyright infringement to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

12.     Upon information and belief, J&A has continuously and systematically transacted business within the State of New York by operating and maintaining an interactive website that allows for the transaction of business with customers located therein.

13.     This court has supplemental jurisdiction over the New York common law claims asserted herein under 28 USC §§ 1331, 1332 and 1338.

14.     Venue in this District is proper under 28 U.S.C. §§ 1391(d) and 1400(a).

## FPM AND ITS BUSINESS

15.     In 2001, Scott Schreer, one of America's most prolific and performed TV composers and producers, launched FPM, a high quality online music library. Schreer, whose credits include, among many others, the *NFL on Fox* theme, is also a contributing composer to FPM's catalogue.

16.     FPM makes its catalogue available on its website for users to synchronize with audiovisual works. To download and use music, a user must obtain a license from FPM that corresponds to the intended type of use by the user (i.e., personal, commercial, etc.). The cost of such license varies depending on the type of use.

17.     With over 300,000,000 impressions to its website as of 2013, FPM is one of the most widely trafficked production music libraries in the industry. Since August 2013, FPM has issued over 3.5 million licenses to the copyrighted music in its library.

18.     All use of FPM's music requires a license.

19.      Until July 2013, any exploitation of FPM's music via the internet required a paid license as shown in the following screen shot of the pricing from that time period:



20.     Beginning in or about August 2013, a user still had to obtain a license, albeit free of charge, to use music in FPM's catalogue on YouTube, provided it was for "personal use only." Any "business use" of FPM's music required a paid license:



21.     The 2013 Terms of Use distinguished free "Personal Use" of FPM's music from other Internet uses of FPM's music that required a paid license.

22.     The 2013 Terms of Use read, in pertinent part:

2(c)  *Free Personal Use*:
        Subject to your full and complete compliance with the terms of this paragraph 2 (c), the Terms Of Use and the full execution of a FPM license, FPM grants you free master recording and synchronization rights, to the FPM Production Music Library, excluding the FPM Indie Artist and Sound Effects Library, when FPM music is used for ***personal non-commercial purposes*** (ie. personal listening pleasure, personal slide shows, etc.)  The use and purpose must be non-revenue generating, either directly or indirectly (promo, demo or other similar uses are consider indirectly revenue generating for the purposes of the preceding sentence) and must not appear or be uploaded to any web site. Free Personal use ***excludes broadcast use of any kind, including, without limitation, web***, blog, and podcast, gaming or shareware.

***For the sake of clarity, all of the above grants require that you comply with these Terms Of Use and require a fully executed FPM Agreement, except for the free personal use exceptions under 2(c) and 2(d).***

3.  *Uses of Freeplay Content Requiring A Signed Paid License:*
*All of the following uses of Freeplay Content require <u>a fully signed and paid license</u> with FPM for use*:

    (h)  *Internet*
        (i)  Any website including, but not limited to personal websites and *any   website used to promote a business, product, service, organization or club*:
        (ii)  Any videos including videos posted, viral or disseminated in any other fashion.
        (iii)  Gaming / Shareware / Freeware
        (iv)  Podcasting
        (v)  Blogs

23.     During the time periods relevant to this Complaint, there were two checkout processes associated with FPM's website which users had to complete in order to download music such as the Copyrighted Music at issue herein.

24.     Prior to 2015, when a user logged on to FPM's website, http://www.freeplaymusic.com/, the user was presented with a variety of choices and thousands of musical works (i.e., sound recordings and the underlying musical compositions), all of which were available for certain types of exploitation. Once the user chose the desired musical work by clicking on "Add to Cart," the user was prompted to choose a license type:





25.    The user could not "Proceed to Checkout" without choosing a license type.

26.    Once the user chose a license and decides to "Proceed to Checkout' a window opened displaying the "FPM License," requiring the user to enter an email address confirming that he or she has read the terms of the license.   A copy of the license was then e-mailed to the confirmation address entered by the user.

27.    As shown in paragraph 24, FPM's website also provided clear separate links to its license pricing and provided other information explaining its licenses.

28.    After 2015, when a user visits FPM's website, http://www.freeplaymusic.com/, the user is presented with a variety of choices and thousands of musical works (i.e., sound recordings and the underlying musical compositions), all of which are available for certain types of

exploitation. Once the user chooses the desired musical work, adds it to his or her cart and proceeds to "Check Out" the user is prompted to choose a license type.

29.     The user cannot complete the checkout process without choosing a license type.

30.     Once the user chooses a license, the user will be prompted to log in, and requiring the user to enter an email address associated with the user's Freeplay account. The user can then proceed through checkout by clicking the check-box next to the link to the "Terms" and "License", a live link to the type of license selected, confirming that he or she has read the contents of the "Terms" and "License" links.  Upon completing checkout, a copy of the license and transaction invoice is then e-mailed to the log-in email address provided by the user.

31.     The same pricing terms that were in effect beginning in August 2013, including the pricing for business use on the YouTube website, remain in effect currently:



**DEFENDANT J&A**

32.    Upon information and belief J&A is a corporation engaged in the sale of spa equipment for salons.

33.    According to J&A's own website, https://www.jausainc.com/, J&A is a highly rated source of a wide range of spa equipment for salons. It is advertised that some of the products are featured in hotels and resorts as well as cruise lines. The website shows different salons across the United States that have been outfitted with the specialized pedicure chairs that J&A sells.

34.    Upon information and belief, J&A markets its products in various ways, including through audio-visual works, as part of their advertising campaign.  Upon information and belief, J&A has published some of these audio-visual works on different internet websites, including YouTube, Vimeo and Facebook.

**THE FPM COPYRIGHTS AT ISSUE AND
J&A'S UNAUTHORIZED EXPLOITATION**

35.    FPM is the exclusive owner of the registered copyrights (the "FPM Copyrights") in and to the musical compositions and sound recordings (FPM's "Copyrighted Music") set forth below:

a)    "The Story", Registration No. 335-613;

b)    "Capitol Pulse", Registration No. 336-929;

c)    "Capitol W", Registration No. 336-929;

d)    "Beauty Shot", Registration No. 337-200;

e)    "Forest for the Trees", Registration No. 337-200;

f)    "Comeback", Registration No. 337-200;

g)    "Gibson Road", Registration No. 337-200;

h)    "Calm River", Registration No. 337-200;

i)    "Prevailing Winds", Registration No. 337-200;

j)      "Praise", Registration No. 337-200;

k)      "On the Water", Registration No. 337-200;

l)      "Beauty Shot", Registration No. 337-200;

m)      "Heartland", Registration No. 337-200;

n)      "Carry On", Registration No. 337-206;

o)      "Awakening", Registration No. 337-206;

p)      "Now we Dance", Registration No. 337-212;

q)      "Octopus", Registration No. 337-212;

r)      "Spring to Summer", Registration No. 362-469;

s)      "Smooth Sailing", Registration No. 362-469;

t)      "Breezy and Mild", Registration No. 362-469;

u)      "Driftwood", Registration No. 362-469;

v)      "Floater", Registration No. 362-469;

w)      "Seventh Avenue South", Registration No. 362-469;

x)      "Over You", Registration No. 362-469;

y)      "One Rainy Night", Registration No. 362-469;

z)      "Brighten Up", Registration No. 362-469;

36.     FPM or its predecessor in interest has always owned, maintained and controlled the exclusive true and valid copyrights in the Copyrighted Music.

37.     FPM has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. et seq., has registered the Copyrighted Music with the United States Copyright Office, and was issued a Certificate of Registration for each item of Copyrighted Music. True and complete

copies of the Certificate of Registration for each piece of Copyrighted Music are annexed hereto as **<u>Exhibit "A" – "F."</u>**

38.    Each item of Copyrighted Music was published with a copyright notice.

39.    J&A has engaged in at least 30 uses of FPM's Copyrighted Music.

a)    FPM's copyrighted musical work "Awakening" was exploited on the www.youtube.com website.

b)    FPM's copyrighted musical work "Beauty Shot" was exploited on the www.youtube.com website.

c)    FPM's copyrighted musical work "Beauty Shot" was exploited on the www.youtube.com  website.

d)    FPM's copyrighted musical work "Breezy and Mild" was exploited on the www.youtube.com website.

e)    FPM's copyrighted musical work "Breezy and Mild" was exploited on the www.youtube.com website.

f)    FPM's copyrighted musical work "Brighten Up" was exploited on the www.youtube.com website.

g)    FPM's copyrighted musical work "Calm River" was exploited on the www.youtube.com website.

h)    FPM's copyrighted musical work "Capitol W" was exploited on the www.youtube.com website.

i)    FPM's copyrighted musical work "Carry On" was exploited on the www.youtube.com website.

j) FPM's copyrighted musical work "Comeback" was exploited on the www.youtube.com website.

k) FPM's copyrighted musical work "Driftwood" was exploited on the www.youtube.com website.

l) FPM's copyrighted musical work "Floater" was exploited on the www.youtube.com website.

m) FPM's copyrighted musical work "Floater" was exploited on the www.youtube.com website.

n) FPM's copyrighted musical work "Forest For The Trees" was exploited on the www.youtube.com website.

o) FPM's copyrighted musical work "Gibson Road" was exploited on the www.youtube.com website.

p) FPM's copyrighted musical work "Heartland" was exploited on the www.youtube.com website.

q) FPM's copyrighted musical work "In Your Heart" was exploited on the www.youtube.com website.

r) FPM's copyrighted musical work "On The Water" was exploited on the www.youtube.com website.

s) FPM's copyrighted musical work "One Rainy Night" was exploited on the www.youtube.com website.

t) FPM's copyrighted musical work "Over You" was exploited on the www.youtube.com website.

u)  FPM's copyrighted musical work "Praise" was exploited on the www.youtube.com website.

v)  FPM's copyrighted musical work "Prevailing Winds" was exploited on the www.youtube.com website.

w)  FPM's copyrighted musical work "Seventh Avenue South" was exploited on the www.youtube.com website.

x)  FPM's copyrighted musical work "Smooth Sailing" was exploited on the www.youtube.com website.

y)  FPM's copyrighted musical work "Spring to Summer" was exploited on the www.youtube.com website.

z)  FPM's copyrighted musical work "The Story" was exploited on J&A's personal Facebook page www.facebook.com/JAUSAINC/videos.

aa) FPM's copyrighted musical work "Carry On" was exploited on the www.vimeo.com website.

bb) FPM's copyrighted musical work "Carry On" was exploited on the www.vimeo.com website.

cc) FPM's copyrighted musical work "Now We Dance" was exploited on the www.vimeo.com website.

dd) FPM's copyrighted musical work "Octopus" was exploited on the www.vimeo.com website.

40.    Upon information and belief, in or about 2016, J&A created posted or caused to be posted the video identified in paragraph "27(bb)" above.

41.     Upon information and belief, in or about 2014, J&A created, posted, or caused to be posted, the videos identified in paragraphs "27(a)"-"27(y)" above.

42.     Upon information and belief, in or about 2011, J&A created, posted, or caused to be posted, the video identified in paragraph "27(z)" above.

43.     J&A did not receive a license to exploit any of FPM's Copyrighted Music.

44.     Upon information and belief, J&A reproduced, synchronized, distributed and publicly performed by means of digital transmission FPM's Copyrighted Music, through, among other things, digital transmissions on the websites set forth above.

45.     Upon information and belief, at all relevant times, J&A maintained editorial control for content that it reproduced, synchronized, distributed and publicly performed by means of digital transmission on the websites set forth above.

46.     On multiple occasions FPM's agent, TuneSat, LLC ("TuneSat"), sent correspondence to J&A identifying J&A's use of FPM's Copyrighted Music, and requesting that J&A contact TuneSat to either provide proof of its valid use of FPM's Copyrighted Music or to resolve, what is otherwise, J&A's copyright infringement.

47.     Despite being notified that it was using FPM's Copyrighted Music without authorization, J&A willfully and intentionally ignored TuneSat's correspondence and continued to use the Copyrighted Music without authorization from FPM.

## COUNT I

## COPYRIGHT INFRINGEMENT

48.     FPM incorporates the allegations set forth in paragraphs 1 through 47 hereof, inclusive, as though the same were set forth herein.

49.     This cause of action arises under 17 U.S.C. § 501.

50.     Each FPM Copyright was registered with the United States Copyright Office either by FPM or its predecessor-in-interest.

51.     At all times relevant, FPM has owned FPM's Copyrighted Music and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

52.     Each of the musical compositions and sound recordings covered by the FPM Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

53.     Defendant used FPM's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote its products.

54.     FPM has never granted J&A a license, right, or otherwise authorized J&A, to exploit FPM's Copyrighted Music.

55.     By reproducing, synchronizing, distributing and publicly performing by means of digital transmission the videos containing FPM's Copyrighted Music, J&A's acts violate FPM's exclusive rights under 17 U.S.C. §106.

56.     FPM's copyright administrator, TuneSat, sent correspondence to Defendant demanding that it cease and desist its unauthorized uses of the Copyrighted Music.

57.     Upon information and belief, despite being on notice that its use of the Copyrighted Music was not authorized or licensed, Defendant refused to cease its acts of infringement and continues to use the Copyrighted Music to market and/or promote its products.

58.     Defendant had actual or constructive awareness that its unauthorized use of the Copyrighted Music constituted infringement of the FPM Copyrights. Alternatively, Defendant's acts of infringement resulted from a reckless disregard for, or willful blindness to, FPM's rights.

59.     J&A's infringement of the FPM Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

60.     By reason of Defendant's continued willful infringement, FPM has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in FPM's Copyrighted Music.

61.     By reason of Defendant's willful infringement, FPM has sustained irreparable harm that cannot be remedied by monetary damages alone.

62.     FPM is entitled to an injunction restraining Defendant, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from further engaging in such acts of copyright infringement.

63.     FPM is the owner of both the copyrighted sound recording and composition of all of FPM's Copyrighted Music set forth in paragraph 26, each of which is a copyrighted work.

64.     Pursuant to 17 U.S.C. § 504(c), FPM is further entitled to recover from Defendant up to $150,000.00 in statutory damages for each work as a result of Defendant's acts of copyright infringement.

65.     Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and FPM owns the copyright for both the sound recording and composition for all of the FPM Copyrighted Music identified in paragraph 26, J&A is liable for $300,000.00 in damages for each of the twenty-six songs used without authorization. The total damages are not readably ascertainable but — based on the pervasive and willful nature of the infringement - are believed to be in excess of seven million eight-hundred thousand dollars $7,800,000.00.

66.     Pursuant to 17 U.S.C. § 505, FPM is further entitled to recover from Defendant the reasonable attorney's fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

## COUNT II

## UNJUST ENRICHMENT

67.     FPM incorporates the allegations set forth in paragraphs 1 through 66 hereof, inclusive, as though the same were set forth herein.

68.     Upon information and belief, Defendant, without the consent of FPM, exploited FPM's Copyrighted Music by creating and publishing audiovisual works that reproduced, synchronized, distributed and publicly performed by means of digital transmission FPM's Copyrighted Music.

69.     Upon information and belief, Defendant has never entered into any type of license or other agreement with FPM that would authorize it to use FPM's Copyrighted Music.

70.     Defendant's acts violate FPM's exclusive rights under 17 U.S.C. §106.

71.     Defendant's infringement of FPM's Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

72.     By reason of Defendant's acts as alleged above, Defendant has been unjustly enriched at FPM's expense under such circumstances that in equity and good conscience require that Defendant should be ordered to make restitution to FPM.

73.     The amount of damages resulting from Defendant's unjust enrichment are not readably ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of seven million eight hundred thousand dollars ($7,800,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, FPM respectfully prays for judgment against Defendant as follows:

1) Enter judgment that Defendant has infringed the copyrights in and to FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq.;

2) Enter a permanent injunction ordering that Defendant and each of its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from reproducing, distributing, publicly performing by any means including but not limited to digital transmission, or preparing derivative works based on, or in any other way using FPM's Copyrighted Music;

3) Enter judgment that Defendant was unjustly enriched by infringing the copyrights in and to FPM's Copyrighted Music and order Defendant to make restitution to FPM in an amount not readily ascertainable but believed to be in excess of seven million eight hundred thousand dollars ($7,800,000.00);

4) Order that FPM be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation an award of statutory damages pursuant to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of seven million eight hundred thousand dollars ($7,800,000.00);

5) Order that Defendant be required to pay to FPM the costs of this action and FPM's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

6) Order that Defendant be required to pay to FPM prejudgment interest at the statutory rate; and

7) Grant all such other and further relief to FPM as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

FPM requests a trial by jury on all issues so triable.

Dated: Lake Success, New York
      January 15, 2019

**ABRAMS FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By:_____/s/ Seth L. Berman_____
      Seth L. Berman, Esq.
      3 Dakota Drive, Suite 300
      Lake Success, New York 11042
      (516) 328-2300
      sberman@abramslaw.com
      *Attorneys for Plaintiff*

TO:   J&A USA, INC.
      335 Crooked Hill Road
      Brentwood, New York 11717